874 So.2d 664 (2004)
KEYBANK NATIONAL ASSOCIATION, Appellant,
v.
INTERNATIONAL FINANCE BANK, Appellee.
No. 3D02-2010.
District Court of Appeal of Florida, Third District.
May 12, 2004.
*665 Holland & Knight and Lucinda A. Hofmann and Barbara Erich Locke, Miami, for appellant.
Heller & Chames; Jay M. Levy, Miami, for appellee.
Before GERSTEN, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Keybank National Association appeals a summary final judgment entered against it and in favor of International Finance Bank [IFB] on claims of misrepresentation and gross negligence in an action on dishonored checks. We reverse and remand for trial.
In August of 1998, COFO Financial Group, a Canadian currency exchange company, opened a checking account at IFB. According to its in-house policy, IFB automatically imposed an extended 10-day hold on checks deposited to the account. Almost immediately COFO began overnighting checks for deposit to the IFB officer (Ana Uribe) who had opened the account at IFB for COFO. These checks were made payable to COFO from COFO's accounts at two New York banks, at first, Fleet Bank, then Keybank. The checks ranged in amount from $100,000 and $500,000.
There then began a series of events which led to IFB's loss of millions of dollars. Uribe became unusually involved with COFO's account, speaking to COFO personnel every morning to confirm that she had received COFO's checks and deposited them, and to confirm the account's balances. This was not normal IFB practice.
On August 19, 1998days[1] after COFO opened its accountUribe filled out a service request form to change the hold from "extended" (10 days) to "normal" (5 and 2 days). Uribe did not have the authority to change holds herself, thus obtained the authorization from superiors. However, the only person who could actually change the hold code in the system was IFB's systems administrator, Luis Guillen.
According to Guillen, Uribe called him on August 24, 1998, and implored him to change the hold code to no holds, which would remove the hold situation from normality. Guillen asked her to send over the paperwork authorizing such a change. Without waiting for the paperwork, Guillen removed the holds the same day as Uribe's call. He never received the paperwork. Because the holds were removed COFO gained immediate access to any funds it (purportedly) deposited by checks COFO wrote to itself. Normal IFB safeguards were eliminated.
In the meantime COFO was depositing bad checks. IFB dishonored some, honored others. After IFB threatened to dishonor all checks, Uribe made arrangements for COFO to wire $1,500,000. This proved to be of no use. COFO shortly declared bankruptcy, leaving IFB holding an empty $4,000,000.00 bag.[2]
During this frantic activity, Keybank was advising IFB of the lack of COFO funds at Keybank by returning checks unpaid. However, the returned checks were erroneously stamped "uncollected funds", not "insufficient funds." IFB convinced the trial court (and argues here) that had *666 the checks been properly stamped IFB would have been alerted to the true situation surrounding COFO's banking activity. As it was, IFB argues, it was misled into believing that the "uncollected funds" would soon appear and make the problem go away. Keybank argued unsuccessfully to the trial court (and argues here) that IFB's abnormal method of handling COFO's account was the cause of IFB's loss.
We have condensed the situation, omitting many contentions because, through the excellent and instructive briefings, as well as the highly professional oral arguments, it is clear that the case needs to be tried, not resolved on summary judgment. It will be up to the jury to resolve various factual issues, including the responsibility (or responsibilities) for the losses and the extent of the responsibility. Keybank's pleadings include the potentially viable affirmative defense of comparative negligence.
We therefore reverse the summary final judgment and remand the cause for trial.
NOTES
[1] And thus IFB had little experience with COFO.
[2] Uribe was fired; Guillen resigned.